UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| | ) | No. 3:05-CR-31 |
| V. | ) | (VARLAN/GUYTON) |
| | ) | |
| | ) | |
| | ) | |
| ANGELA M. MILLER | ) | |

<u>ORDER OF DETENTION PENDING TRIAL</u>

The defendant appeared in custody before the undersigned for a detention hearing on May 18, 2005. The government requested that the defendant to be detained without bond pending trial pursuant to Title 18 U.S.C. Section 3142(f). Jonathan A. Moffatt, Federal Defender Services, announced that the defendant would execute a Waiver of Detention Hearing at this time reserving the defendant's right to request a hearing at a later date if her circumstances should change. The defendant and her attorney executed a Waiver of Detention Hearing in open court.

The defendant is aware of her rights to a detention hearing and to require the government to meet its burden of proving that no conditions of release exist which will reasonably assure her appearance in court and the safety of the community. The defendant understands that if she waives the detention hearing, she will remain in custody pending trial. The defendant acknowledged in open court that she has no questions and understands her rights and the consequences of waiving those rights, and agreed to be detained without bond pending trial.

Upon consideration of the defendant's waiver, the charge against her, and the report of the Pretrial Services Office, the Court finds that, at this time, no conditions of release will reasonably assure the appearance of the defendant in court and the safety of the community. Should

information having a material bearing on the issue of release subsequently become

available, indicating a change in the defendant's circumstances, the defendant, through counsel, may

file a motion requesting a bond hearing.

It is, therefore, ORDERED that:

(1)     Defendant be detained without bond pending trial;

(2)     Defendant be committed to the custody of the Attorney General
        for confinement in a corrections facility separate, to the extent
        practicable, from persons awaiting or serving sentences or being
        held in custody pending appeal;

(3)     Defendant be afforded reasonable opportunity for
        private consultation with counsel; and

(4)     On order of a court of the United States or on request of
        an attorney for the government, the person in charge of
        the corrections facility in which the defendant is confined
        deliver the defendant to a United States Marshal for the
        purpose of an appearance in connection with any court
        proceeding.

**IT IS SO ORDERED.**

_____ s/ H. Bruce Guyton _____
United States Magistrate Judge